O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUL 3 0 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELINA P. GUTIERREZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 07-4506 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

　　　　Plaintiff filed a Complaint herein on August 1, 2007, seeking review of the Commissioner's denial of her applications for disability insurance benefits and supplemental security income benefits. In accordance with the previously-assigned Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation on March 20, 2008. The case was transferred to this Court's calendar on July 14, 2009, and the parties thereafter consented to this Court's jurisdiction. On July 28, 2008, the parties filed an Amended Joint Stipulation ("AJS"). Thus, this matter now is ready for decision.[1]

---

[1]　　As the parties were advised in the Case Management Order, the decision (continued...)

1

**DISPUTED ISSUES**

As reflected in the Amended Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal are as follows:

1. Whether the Administrative Law Judge ("ALJ") accepted jobs that are inconsistent with the Dictionary of Occupational Titles.

2. Whether the ALJ properly considered the treating physician's opinion of disability.

3. Whether the ALJ posed a complete hypothetical question to the vocational expert.

**DISCUSSION**

It is well established in this Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where the treating physician's opinion is

---

[1](...continued)
in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Here, in arriving at his determination of plaintiff's residual functional capacity ("RFC"), the ALJ explicitly rejected the opinion of plaintiff's treating physician, Dr. Hu, regarding plaintiff's functional limitations (see AR 202-04) in favor of the opinion of a consultative examiner that plaintiff had no impairment-related functional limitations (see AR 188-91). The ALJ's stated reasons for rejecting Dr. Hu's assessment were that it was "inconsistent with the substantial medical evidence, and [was] not supported by the progress notes, including the recent examination findings." (See AR 13-14). The Court concurs with plaintiff that the ALJ's conclusory assertions that Dr. Hu's assessment was "inconsistent with the substantial medical evidence" and "not supported by the progress notes" constitute the same kind of non-specific boilerplate language rejected by the Ninth Circuit as insufficient in Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). There, the Ninth Circuit observed, "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." Id. at 421. The Court also notes that the more recent examination findings to which the ALJ apparently was referring did not purport to be an assessment of plaintiff's functional limitations. (See AR 206).

It follows from the Court's inability to affirm the ALJ's determination of plaintiff's RFC that the Court is unable to affirm the ALJ's vocational determination. While it thus is unnecessary for the Court to address Disputed Issue Nos. 1 and 3, the Court notes that, contrary to the Commissioner's characterization (see AJS at 13), the ALJ did not pose a complete hypothetical to the vocational expert because the limitations posited by the ALJ did not comport with all the limitations found by the ALJ to exist, including the limitation to only occasional reaching with the left upper

extremity and the other non-exertional limitations. (Compare AR 15 to AR 232). Therefore, even if the Court had affirmed the ALJ's determination of plaintiff's RFC, the Court would not have been able to affirm the Commissioner's nondisability finding at Step Five of the Commissioner's sequential evaluation process. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).

## CONCLUSION AND ORDER

As to the issue of the appropriate relief, the law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, with respect to the issue of whether, in determining plaintiff's RFC, the ALJ properly considered the opinions of Dr. Hu, plaintiff implicitly has conceded that a remand for further development of the record is warranted. (See AJS at 9 ("Therefore, this matter requires remand for re-evaluation of Dr. Hu's opinion."). The Court concurs. This is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still

could remedy the defects in the ALJ's decision.[2]

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: July 30, 2009

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) ; see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996); Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician. However, there also is Ninth Circuit authority for the proposition that the "crediting as true" doctrine is not mandatory in the Ninth Circuit. In Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003), the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. Here, plaintiff did not argue in the Amended Joint Stipulation that the Court should invoke the "crediting as true" rule with respect to Dr. Hu's opinions, and the Court declines to invoke it sua sponte.

[3] It is not the Court's intent to limit the scope of the remand.

5